1  DANIEL G. BOGDEN
   United States Attorney
2  ROBERT L. ELLMAN
   Assistant United States Attorney
3  United States Attorney's Office
   333 Las Vegas Blvd. South, Suite 5000
4  Las Vegas, NV 89101
   (702) 388-6336

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

**-oOo-**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:06-cr-155-PMP-GWF |
| Plaintiff, ) | |
| vs. ) | GOVERNMENT'S APPLICATION FOR ORDER DEEMING ATTORNEY CLIENT PRIVILEGE WAIVED |
| MARTIN ALVAREZ-RODRIGUEZ, ) | |
| Defendant. ) | |

The United States of America, by and through DANIEL G. BOGDEN, United States Attorney, and ROBERT L. ELLMAN, Assistant United States Attorney, respectfully requests that this Court enter an order waiving the attorney-client privilege in 2:06-cr-155-PMP-GWF with regard to Donald Green, Esq., Jose Pallares, Esq. and David T. Brown, Esq. This application does not waive the Government's right to assert that Defendant's motion under 28 U.S.C. § 2255 is time barred under 28 U.S.C. ¶ 6, or that his claims are otherwise barred.

This order is sought for the following reasons:

1. The defendant, MARTIN ALVAREZ-RODRIGUEZ, has filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence by a person in federal custody (the 2255 Motion) in the above-captioned case. *See* Doc. # 202. On November 17, 2011,

this Court ordered the government to respond to the 2255 Motion by December 20, 2011. *See* Doc. # 205.

2. Defendant was indicted on May 10, 2006. Doc. # 1. On November 6, 2008, a jury found Defendant guilty on five charges brought in a second superseding indictment: one count of conspiring to distribute methamphetamine, two counts of possession with intent to distribute methamphetamine, one count of felon-in-possession of a firearm, and one count of illegal-alien-in-possession of a firearm. Doc. # 75, 127, 131, 132. Defendant received a life sentence on Counts 1, 2 and 3. Doc. # 151, 154.

3. The docket reflects that defendant was represented successively by three retained attorneys during the course of pretrial proceedings: David T. Brown, Esq., who represented Defendant from arraignment on the first indictment on May 19, 2006 until July 7, 2006 (*see* Doc. # 6, 15), Jose Pallares, Esq., who represented Defendant from July 7, 2006 until November 3, 2006 (*see* Doc. # 14, 15, 37, 39); and Donald Green, Esq., who represented Defendant from the arraignment on the first superseding indictment through sentencing in June, 2009 (*see* doc. # 37, 39, 151).

4. Defendant unsuccessfully appealed. Doc. # 152, 196.

5. Defendant filed the 2255 Motion on October 24, 2011. Doc. # 202. The 2255 Motion alleges ineffective assistance of counsel on seven of the nine grounds presented.

6. Under Ground One of the 2255 Motion, Defendant alleges that the Government made two plea offers; that Mr. Green did not advise Defendant of the possibility of a mandatory life sentence upon conviction; and that if Defendant had known of the possible mandatory life sentence, he would have accepted either one of the Government's plea offers. Doc. # 202 at 5; see also doc. # 202 at 11-12 (supporting memorandum), 25 (affidavit in support of motion).

7. The claim set forth in Ground One rests on the premise that Defendant did not know that he faced the possibility of a mandatory life sentence upon conviction. While it may

yet be possible to establish from record materials that Defendant had actual knowledge of that fact, undersigned counsel has not been able to do as of today, and the response to the 2255 Motion is due in two weeks. While Defendant couches his claim in Ground One as ineffective assistance by Mr. Green, if any of his three successively retained attorneys informed him of the possibility of a mandatory life sentence, the ineffectiveness claim would fail as factually unsupportable. Accordingly, access to information from Mr. Brown, Mr. Pallares and Mr. Green is necessary in order to appropriately respond to the factual basis of the allegation contained within Ground One of the 2255 Motion.

8. Ground Two of the 2255 Motion alleges ineffective assistance of counsel based on "failure to investigate/challenge the arrest search and seizure and the sufficiency of information in the warrant and affidavit." Doc. # 202 at 6; *see also* doc. # 202 at 13-14. Ineffectiveness claims require a defendant to establish both deficient performance by counsel as well as resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Setting aside the merits of a potential challenge to the arrest, search and seizure, particularly in light of the fact that Mr. Pallares moved to suppress evidence and Mr. Green litigated that motion in an evidentiary hearing (*see* doc. # 23, 60), access to information from Mr. Brown, Mr. Pallares and Mr. Green is necessary in order to address the performance prong of the *Strickland* inquiry on Ground Two.

9. Ground Three of the 2255 Motion alleges ineffective assistance of counsel based on "failure to inform and explain to Alvarez about his sole right to testify in his own defense." Doc. # 202 at 6; *see also* doc. # 202 at 14-16. The claim set forth in Ground Three would necessarily fail as factually unsupportable if any of his counsel informed him of his right to testify at trial. Access to information from Mr. Brown, Mr. Pallares and Mr. Green is necessary in order to address the factual basis of this claim.

10. Grounds Four, Five and Six of the 2255 Motion allege ineffective assistance of counsel based on failure to make objections or proffer certain evidence during the jury

3

trial. Doc. # 202 at 7, 16-18. Setting aside the potential merits of such a claim, access to information from Mr. Green is necessary in order to address both the factual bases of these claims and the performance prong of the *Strickland* inquiry.

11. Ground Seven of the 2255 Motion alleges ineffective assistance of counsel based on "failure to timely provide discovery and apprise Alvarez of the charges against him." Doc. # 202 at 18. Defendant has limited the allegation to Mr. Green. *Id*. Setting aside the potential merits of such a claim, access to information from Mr. Green is necessary in order to address the factual basis of this claim.

12. The government requests this Court to issue an order wherein the attorney-client privilege in 2:06-cr-155-PMP-GWF is deemed waived for the purposes of this proceeding as to (1) information Mr. Green, Mr. Brown and Mr. Pallares can provide relevant to the allegations set forth in Grounds One, Two and Three of the 2255 Motion; and (2) information Mr. Green can provide relevant to the allegations set forth in Grounds Four, Five, Six and Seven of the 2255 Motion.

13. The voluntary disclosure by Defendant of privileged attorney communications constitute waiver of the privilege as to all other such communications on the same subject. *Weil v. Investment/Indicators, Research & Management,* 647 F.2d 18, 24 (9th Cir. 1981); *Clady v. County of Los Angeles*, 770 F.2d 1421, 1433 (9th Cir. 1985).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said, "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (citations omitted).

*United States v. Ortland*, 109 F.3d 539, 543 (9th Cir. 1997).

**WHEREFORE**, based on the foregoing, the government respectfully requests that the attorney-client privilege in 2:06-cr-155-PMP-GWF be deemed waived as to all

4

communication, information and work product relevant to the claims set forth in Grounds One through Seven of the 2255 Motion; that Mr. Brown, Mr. Pallares and Mr. Green provide the government with affidavits, as well as all materials and information, addressing Defendant's allegations as set forth in Grounds One through Seven of the 2255 Motion; and that the due date for responding to the 2255 Motion be reset to a date 30 days following receipt by the Government of all three of the aforementioned affidavits.

**DATED**: this 6th day of December, 2011.

                                      DANIEL G. BOGDEN
                                      United States Attorney

                                      /s/ Robert L. Ellman
                                      ROBERT L. ELLMAN
                                      Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing was served via first-class mail on Martin Alvarez-Rodriguez, David T. Brown, Esq., Jose Pallares, Esq., and Donald Green, Esq., at the following addresses, on this 6th day of December, 2011:

Martin Alvarez-Rodriguez, 40855-048
USP Atwater
U.S. Penitentiary
P.O. Box 019001
Atwater, CA 95301

David T. Brown, Esq.
Brown, Brown & Premsrirut
520 S. Fourth St., Second Floor
Las Vegas, NV 89101

Jose Pallares, Esq.
1212 S. Casino Center Blvd.
Las Vegas, NV 89104

Donald Green, Esq.
4760 S. Pecos Rd. # 103
Las Vegas, NV 89121

       /s/ Terrie Murray
      TERRIE MURRAY
      Legal Assistant

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
# -oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:06-cr-155-PMP-GWF |
| Plaintiff, ) | |
| vs. ) | **ORDER** |
| MARTIN ALVAREZ-RODRIGUEZ, ) | |
| Defendant. ) | |

Based upon the pending application of the Government, and good cause appearing,

**IT IS HEREBY ORDERED** that the attorney-client privilege in 2:06-cr-155-PMP-GWF between the defendant and David T. Brown, Esq., between the defendant and Jose Pallares, Esq., and between the defendant and Donald Green, Esq., shall be deemed waived as to all matters relating to Grounds One through Seven of the Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence By a Person in Federal Custody (the 2255 Motion), filed on October 24, 2011 in the above-captioned case. Mr. Brown, Mr. Pallares and Mr. Green shall each, within 30 days of this order, provide the government with an affidavit concerning all information known by each of them relevant to the allegations made in Grounds One through Seven of 2255 Motion. Further, Mr. Brown, Mr. Pallares and Mr. Green may communicate with government counsel and

7

provide supporting documentation regarding the information known to them as it relates to Grounds One through Seven of the 2255 Motion.

The United States shall file its response to the 2255 Motion no later than 30 days after receiving all of the affidavits referenced in this Order.

**DATED**:   this _ 12th day of December, 2011.

_____
UNITED STATES DISTRICT JUDGE